NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TYRONE WILFONG | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 06-2932 (DRD) |
| | : | |
| v. | : | |
| | : | |
| MORRIS COUNTY CORRECTIONAL FACILITY | : | |
| | : | |
| Defendants. | : | |

OPINION AND ORDER

SALAS, United States Magistrate Judge

INTRODUCTION

This matter comes before the Court by way of Plaintiff Tyrone Wilfong's application for appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1). For the reasons set forth below, Plaintiff's request is **DENIED WITHOUT PREJUDICE.**

BACKGROUND

On June 28, 2006, Plaintiff submitted a Complaint and an application to proceed *in forma pauperis* ("IFP"). Pursuant to a November 20, 2006 Order, Plaintiff's request to proceed IFP was granted and his complaint was filed. Said Order also permitted Plaintiff to pursue some but not all of the claims stated in the Complaint against Defendants: Morris County Correctional Facility, Sheriff Edward V. Rochfort, Chief Ralph McGrane, Warden Frank Corrente, and various John Doe and Jane Roe defendants. (*See* Order, dated November 20, 2006). The remaining portion of Plaintiff's 42 U.S.C. 1983 complaint alleges Defendants'

violation of his constitutional rights arising out of strip searches, cell searches, deliberate indifference to his serious medical needs, and interference with his to access to mail and the telephone. (*Id.*).

On January 19, 2007, Plaintiff filed the application for the appointment of *pro bono* counsel that is now before this Court. (Docket Entry No. 11). Plaintiff argues that he is entitled to counsel because: (1) he cannot afford an attorney; and (2) he lacks an education in "proceedings related to case i.e., a) laws governing case and due process matters." (App. for Counsel at 3). Plaintiff also opines that, "the outcome of above matter will be better determined and justifiable should I be represented pro bono." (*Id.*). Defendants oppose Plaintiff's application through a January 30, 2007 letter brief. The crux of Defendants' opposition is that Plaintiff underlying case lacks merit. (*See generally* Defs.'s Opp'n Letter Br.).

## DISCUSSION

It is beyond cavil that a civil litigant does not enjoy a constitutional or statutory right to appointed counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997)). While Congress has empowered district courts to "request" counsel for civil litigants, they cannot "require" an unwilling attorney to serve as counsel. *Id.* (citing 28 U.S.C. § 1915(e)(1)); *see also Christy v. Robinson*, 216 F.Supp.2d 398, 406 n. 16 (D.N.J. 2002) (citing *Mallard v. United States Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 301-02, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989)). District courts retain broad discretion in considering applications to appoint counsel pursuant to 28 U.S.C. § 1915. *Montgomery*, 294 F.3d at 498 (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)).

When exercising its discretion under § 1915, this Court must follow the analytical framework set forth in the trilogy of Third Circuit decisions beginning with *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). *See also Parham v. Johnson*, 126 F.3d 454 (3d Cir. 1997); *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). Said framework begins with a threshold assessment of the merit of the claimant's case. *Montgomery*, 294 F.3d at 499-99. After finding " some arguable merit in fact and law," district courts in the Third Circuit must weigh a litany of factors known as the *Tabron* post-threshold factors. *Id*. at 499. These factors – designed to ensure that courts do not appoint counsel in frivolous cases – include:

> (1) the plaintiff's ability to present his case;
> (2) the difficulty of the particular legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue an investigation;
> (4) the extent to which a case is likely to turn on credibility determinations;
> (5) whether the case will require testimony from expert witnesses; and;
> (6) the plaintiff's capacity to retain counsel on his own behalf.

*Id*. (citing *Tabron*, 6 F.3d at 155-57); *see also Parham*, 126 F.3d at 461 ("The *Tabron* factors will ensure that courts do not appoint counsel to frivolous cases").

When weighing the *Tabron* post-threshold factors, district courts must remain mindful of certain overriding considerations. First, the list is not exhaustive. *Id*. ("this list of factors is not exhaustive, but should serve as a guidepost for the district courts"). Next, "where a plaintiff's case appears to have merit and most of the aforementioned factors have been met, courts should make every attempt to obtain counsel." *Parham*, 126 F.3d at 461. Third, district courts "should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery*, 294 F.3d at 499 (citing

*Parham*, 126 F.3d. at 457 (3d Cir. 1997)).

Even if this Court assumes – for purposes of this motion – that Plaintiff satisfies the threshold requirement, the *Tabron* post-threshold factors weigh against appointment of *pro bono* counsel. Plaintiff's application includes nothing more than two bald assertions regarding Plaintiff's education and financial predicament. Thus, this Court is not even in a position to consider the first – and most significant – of the *Tabron* post-threshold factors. *Montgomery*, 294 F.3d at 501 ("Perhaps the most significant of *Tabron*'s post-threshold factors is the plaintiff's ability to present his or her case").

In *Montgomery*, the Third Circuit offered the following guidance to district courts considering the first of the *Tabron* post-threshold factors:

> We have identified a number of factors that courts should consider in determining a plaintiff's ability to present her own case. These include 'the plaintiff's education, literacy, prior work experience, and prior litigation experience,' along with a 'plaintiff's ability to understand English ...[and] the restraints placed upon [a prisoner plaintiff] by confinement.' [internal citations omitted]

*Montgomery*, 294 F.3d at 501.

Here, Plaintiff offers no information about **any** of the above-quoted factors. Thus, this Court cannot effectively gauge his ability to present his own case[1]. Instead of describing specific disabilities or other circumstantial impediments that frustrate his ability to participate in

---

[1] Indeed, Plaintiff's submissions to date reflect an ability to present his own case. There is nothing to indicate that anyone other than Plaintiff prepared either the complaint or the application now before this Court. Both submissions are coherent and reflect Plaintiff's ability to communicate on his own behalf. The "Statement of Claims" section of Plaintiff's complaint is particularly illustrative of Plaintiff's ability to synthesize facts and articulate his legal claims. (Compl. at 7a-7c). In short, the limited evidence before this Court suggests that Plaintiff CAN present his own case.

this litigation, Plaintiff simply states that he is "uneducated in proceedings related to case i.e., a) laws governing case and due process matters" and "financially unable" to afford an attorney. Thus, the Court is not in a position to determine whether or not the first factor weighs in favor of appointment of counsel.

Said lack of information also impedes this Court's ability to consider the second and third *Tabron* post-threshold factors. In *Tabron*, the Third Circuit instructed district courts to consider the second of the *Tabron* post-threshold factors "in conjunction with...the plaintiff's capacity to present his own case." *Montgomery*, 294 F.3d at 502 (quoting *Tabron*, 6 F.3d at 157). Moreover, this Court cannot assess the degree to which factual investigation will be necessary and the ability of plaintiff to pursue such – the third *Tabron* post-threshold factor – unless Plaintiff describes what he can and cannot do from his prison cell[2]. *Montgomery*, 294 F.3d 492. Thus, Plaintiff's application does not give this Court enough information to effectively consider the second and third of the *Tabron* post-threshold factors.

Likewise, the Court cannot examine the need for expert witnesses as required by the fifth *Tabron* post-threshold factor. With only a scant amount of information regarding Plaintiff's injuries, the Court cannot assess whether said injuries "clearly manifest themselves in ways that are obvious and ascertainable to a lay person." *Montgomery*, 294 F.3d at 504 (citing

---

[2]The *Montgomery* Court recognized that the circumstances of institutional confinement impede a litigants ability to conduct discovery. *Montgomery*, 294 F.3d at 503. However, the Third Circuit went on to warn district courts that its consideration of the third *Tabron* post-threshold factor should not always weigh in favor of a confined plaintiff. *Id*. Indeed, the Court only found that the third *Tabron* post-threshold factor weighed in favor of the plaintiff as, "Montgomery's case demonstrate[s] a clear need for factual investigation beyond that which Montgomery could conduct from his prison cell." *Id*. Here, Plaintiff does not even allude to such a clear need.

*Boring v. Kozakiewicz*, 833 F.2d 468, 473-74 (3d Cir. 1987) for the proposition that in the context of a prisoner's Eighth Amendment claim of deliberate indifference to a serious medical need, expert testimony is necessary when the seriousness of the injury or illness would not be apparent to a lay person). Thus, this Court cannot determine whether or not the fifth *Tabron* post-threshold factor weighs in favor of appointment of counsel.

Next, the Court must consider whether or not a case is likely to turn on credibility determinations. In considering this fourth *Tabron* post-threshold factor, this Court must remain mindful that virtually every case turns on credibility determinations to some extent. *Parham*, 126 F.3d at 460 ("While the case ultimately may have relied upon credibility, it is difficult to imagine a case that does not."). Thus, this factor can only weigh in Plaintiff's favor if this case is "solely a swearing contest." *Id*. At this early stage in the litigation, there is no evidence to demonstrate that this is a case where Plaintiff's understanding of the relevant facts is diametrically different that of the Defendants. Accordingly, this factor does not necessarily militate in favor of appointing counsel.

Finally, this Court acknowledges that consideration of the sixth *Tabron* post-threshold factor weighs in favor of Plaintiff. There is no evidence to suggest that Plaintiff can obtain counsel on his own behalf. Nonetheless, this is not enough to support a finding that this Court should request the appointment of counsel. Indigency alone does not warrant the appointment of counsel absent satisfaction of other *Tabron* post-threshold factors. *See Christy v. Robinson*, 216 F.Supp.2d 398, 410-11 (D.N.J. 2002) (Judge Irenas affirmed then-Magistrate Judge Kugler's denial of an application for *pro bono* counsel after finding that the sixth factor was the sole factor weighing in favor of plaintiff).

## CONCLUSION

For the foregoing reasons, Plaintiff's application for the appointment of *pro bono* counsel is **DENIED WITHOUT PREJUDICE**.

## ORDER

**THIS MATTER** comes before this Court on Plaintiff Tyrone Wilfong's application for appointment of *pro bono* counsel; after considering Plaintiff's application and Defendants' letter brief in opposition pursuant to Fed. R. Civ. P. 78; and for the reasons set forth in the above Opinion; and for good cause shown;

**IT IS ON this 26th day of February 2007**,

**ORDERED** that Plaintiff Tyrone Wilfong's application for appointment of *pro bono* counsel is hereby **DENIED WITHOUT PREJUDICE**.

                                                **s/ Esther Salas**
                                                **HONORABLE ESTHER SALAS**
                                                **UNITED STATES MAGISTRATE JUDGE**