NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

TYRONE WILFONG,                          :
                                         :
          Plaintiff,             :        Civ. No. 06-2932 (DRD)
                                         :
    v.                                 :
                                         :
MORRIS COUNTY CORRECTIONAL,              :        **O P I N I O N**
FACILITY, EDWARD V. ROCHFORD,            :
RALPH McGRANE, FRANK CORRENTE,:
JOHN DOES AND JANE ROES 1-10, XYZ:
                                         :
          Defendants.            :
                                         :

---

Tyrone Wilfong
#1234
Morris County Correctional Facility
43 John Street
Morristown, New Jersey 07960-4237

*Plaintiff Pro Se*


LUM, DRASCO & POSITAN, LLC
Edward R. McMahon, Esq.
103 Eisenhower Parkway
Roseland, New Jersey 07068

*Attorneys for Defendants Morris County Correctional Facility, Edward V. Rochford, Ralph McGrane, and Frank Corrente*


**DEBEVOISE, Senior District Judge**


**I. PROCEDURAL HISTORY**


1

Plaintiff Tyrone Wilfong ("Plaintiff" or "Wilfong") filed a complaint in this matter alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983 against defendants, Morris County Correctional Facility ("MCCF"), Sheriff Edward V. Rochford ("Rochford"), Chief Ralph McGrane ("McGrane"), Warden Frank Corrente ("Corrente"), and John Does and Jane Roes 1-10, XYZ (the "Complaint").  Defendants MCCF, Rochford, McGrane, and Corrente ("Defendants") now move to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6).  For the reasons stated below, Defendants' motion will be granted.

## II.  BACKGROUND

Plaintiff is a state prisoner being held at the MCCF.  His Complaint alleges the following: (1) pursuant to jail policy, he was subject to daily strip searches and cell searches while in MCCF's "lock-up" unit that were conducted in the presence of several officers, including female officers and that the strip searches are a form of punishment/discipline intended to humiliate and embarrass inmates; (2) "wanton negligence" by medical staff relating to pain in his back and kidneys and a large lump on his head; (3) that he is denied access to telephones for legal calls; (4) that legal mail is delayed; (5) that legal mail is searched outside the presence of the inmate; and (6) that inmates are provided with used footwear and mattresses that are not cleaned or sterilized. (Compl. at p. 7a-7c).

By opinion dated November 20, 2006, this court dismissed the claims relating to delay of non-legal mail and unsanitized footwear and mattresses.  Defendants now move to dismiss the remaining claims pursuant to Fed. R. Civ. P. 12(b)(6) for Plaintiff's failure to exhaust the administrative remedies available to him.

### III.  DISCUSSION

**1.      Standard for Dismissal under Fed. R. Civ. P. 12(b)(6)**

Dismissal of a complaint pursuant to Rule 12(b)(6) is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spalding, 467 U.S. 69, 73.  Allegations contained in the Complaint will be accepted as true, Cruz v. Beto, 405 U.S. 319, 322 (1972), and Plaintiff shall be "given the benefit of every favorable inference that can be drawn from those allegations."  Schrob v. Catterson, 948 F.2d 1402, 1405 (3d Cir. 1991).  However, the plaintiff is required to make factual allegations and cannot rely on conclusory recitations of law.  Pennsylvania ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 179 (3d Cir. 1988).

**2.      Failure to Exhaust Administrative Remedies**

Section 1997e(a) of the Prison Litigation and Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Congress had two primary concerns in enacting this section: (1) "to lessen the burden of frivolous prison claims on federal courts"; and (2) "to reinforce the power of prison administrators to control prison problems, minimizing the 'interference' of federal courts in matters of prison administration."  Ray v. Kertes, 285 F.3d 287, 294 (3d Cir. 2002).  Failure to exhaust administrative remedies is an affirmative defense under the PLRA and prisoners are not required to specially plead or demonstrate exhaustion in their complaints.  Jones v. Bock, 127 S.

Ct. 910, 921 (2007); Kertes, 285 F.3d at 295.

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), an affirmative defense, such as failure to exhaust administrative remedies, is "appropriately considered only if it presents an insuperable barrier to recovery by the plaintiff." Flight Sys., Inc. v. Elec. Data Sys. Corp., 112 F.3d 124, 127 (3d Cir. 1997). Given the PLRA's mandatory exhaustion requirement, a prisoner's failure to exhaust administrative remedies is an "insuperable barrier" to his or her recovery, and thus is appropriately considered here on Defendants' motion to dismiss. See Jones, 127 S. Ct. at 920-21 (noting that a complaint may be subject to dismissal for failure to state a claim where the allegations show that relief is barred by an affirmative defense). Additionally, "[g]iven that the exhaustion issue turns on the indisputably authentic documents related to . . . [Plaintiff's] grievances . . . [the court] may also consider these without converting it to a motion for summary judgment." Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004).

MCCF's Inmate Manual (the "Inmate Manual") provides a grievance procedure and states that "[a] grievance may be initiated for an alleged violation of civil, constitutional, statutory rights, the violation of facility policy or to resolve a condition existing within the facility that creates unsafe or unsanitary living conditions." (Ex. A to Certification of Frank Corrente ("Corrente Cert."), § 800). Section 801 of the Inmate Manual requires that an inmate with a grievance complete the appropriate grievance form which is then forwarded to the Grievance Coordinator and then to the proper personnel for an answer. (Id. at § 801). The grievance is to be answered within five working days, and if unresolved, is forwarded to the Grievance Committee Coordinator who shall render a decision or have the Grievance Committee convened to make a decision and forward a report to the prisoner. (Id.). Section 802 of the Inmate Manual provides

that a prisoner may appeal the answer to a grievance to the Grievance Committee within five working days in the event that the Grievance Committee has not already passed upon the grievance, and if the Grievance Committee has already rendered a decision, that decision may be appealed to the Facility Administrator or the Administrator's designee.  (Id. at § 802).

In the Complaint, Plaintiff alleges that he previously sought relief from the appropriate administrative officials regarding the acts complained of "[t]hrough several grievances, request forms, and other facility procedures."  (Compl. at p. 6).  Plaintiff attaches several "Inmate Request Forms," "Sick Call Request Forms," "Inmate Grievance Forms," and responses to the Grievance Forms from MCCF staff.[1]

Defendants contend that Plaintiff filed five initial grievances, all of which related to medical care and none of which addressed his claims of unconstitutional strip searches or interference with legal communications.  Defendants argue that of the five grievances he did file, there is no record that Plaintiff appealed the denials of the grievances as he was permitted to do pursuant to the Inmate Manual.  Thus, Defendants argue that Plaintiff's Complaint must be dismissed for failure to exhaust the administrative remedies as required by the PLRA.

The court agrees.  Accepting all of the allegations in the Complaint as true, Plaintiff has failed to state a claim upon which can be granted because he has not exhausted the administrative remedies available under the grievance procedure set forth in the Inmate Manual.  Thus, Plaintiff's Complaint will be dismissed with prejudice.

---

[1]Defendants also include one additional Inmate Grievance Form that was not included with Plaintiff's Complaint.

## IV.  CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss will be granted.  The court will enter an order implementing this opinion.

/s/ Dickinson R. Debevoise<br>
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated:        March 6, 2007